UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>v.<br><br>Mambasse Koulabalo Patara (1),<br>German Ramirez-Gonzalez (2),<br>Mary Aragon aka Mary Delgado (3),<br><br>                    Defendants. | Case No.: 18-cr-2342-BTM<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 73]** |

This matter comes before the Court on the Defendants' motion to dismiss the third superseding indictment for violation of the Appointments Clause of the United States Constitution, filed on November 16, 2018. (ECF No. 73 ("Def.'s MTD").)[1] The government filed a response in opposition on December 1, 2018. (ECF No. 84 ("Government's Opp'n").) Defendant filed a reply in support of the motion on December 4, 2018. (ECF No. 86 ("Def.'s Reply").) The Court held a hearing on this motion on December 18, 2018. For the following reasons, the motion to dismiss is **denied**.

---

[1] On November 26, 2018, Defendant Mary Aragon filed a motion to join Defendant Ramirez-Gonzalez's original motion. (See ECF No. 79-1 at 6.)

# I. BACKGROUND

## A. Factual Background

On April 15, 2018, the government filed a complaint charging Defendant Mambasse Koulabalo Patara with the illegal transportation of Mr. Fermin Lopez and Mr. German Ramirez-Gonzalez. (ECF No. 1.) On May 9, 2018, the grand jury indicted Defendant Patara. (ECF No. 17.) On July 5, 2018, the grand jury returned a superseding indictment charging Defendants Patara and Ramirez-Gonzalez with the illegal transportation of Mr. Lopez. (ECF No. 37.) On October 4, 2018, the grand jury returned a second superseding indictment, adding Mary Aragon as a defendant for assisting with the transportation of Mr. Lopez. (ECF No. 55.) Finally, on November 15, 2018, the grand jury returned a third superseding indictment. (ECF No. 71.) Under 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), Defendants Patara, Ramirez-Gonzalez, and Aragon are charged in count 1 with the illegal transportation of Lopez, and Defendants Patara and Aragon are charged in count 2 with the illegal transportation of Mr. Ramirez-Gonzalez. (Id.) Thus, Mr. Ramirez-Gonzalez is a defendant with respect to count 1 and an alleged smuggled alien with respect to count 2. (Id.)

## B. Appointments Background

Mr. Adam L. Braverman served as United States Attorney in this district from November 17, 2017 to January 16, 2018. *See General Order 669, In the Matter of the Appointment of Adam L. Braverman as United States Attorney* (March 12, 2018) (hereinafter "General Order 669"); *see also Department of Justice, Robert S. Brewer, Jr. Sworn in as United States Attorney for the Southern District of California*, https://www.justice.gov/usao-sdca/pr/robert-s-brewer-jr-sworn-united-states-attorney-southern-district-california (last visited Feb. 7, 2019) (hereinafter "Brewer Press Release"). Initially, under 28 U.S.C. § 546(a), former Attorney General Jeff Sessions appointed Mr. Braverman to be the United States Attorney for the Southern District of California for 120 days,

effective on November 17, 2017. *General Order 669.* Then, upon the expiration of that time period, under 28 U.S.C. § 546(d), this Court appointed Mr. Braverman as United States Attorney. *Id.*

Mr. Robert S. Brewer is currently the United States Attorney for the Southern District of California, having been sworn in by the Court on January 16, 2019. *See Brewer Press Release*. President Trump nominated Mr. Brewer to serve as United States Attorney for this district on June 25, 2018, upon the recommendation of U.S. Senators Kamala Harris and Dianne Feinstein. *Id.* The full Senate unanimously confirmed his appointment on January 2, 2019. *Id.*

Mr. Matthew G. Whitaker is currently the acting Attorney General of the United States. *See Designating an Acting Attorney General*, 42 Op. O.L.C. No. 1, *1 (Nov. 14, 2018) (hereinafter the "OLC Opinion"). On November 7, 2018, former Attorney General Jeff Sessions resigned from office. *Id.* On the same day, President Trump directed Mr. Whitaker to serve as acting Attorney General under the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C §§ 3345-3349d. *Id.* Before Mr. Whitaker was appointed to the role of acting Attorney General, he was Chief of Staff and Senior Counselor to the Attorney General, a position that did not require Senate confirmation. *Id.* at 1, 4.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 permits a court to consider pretrial motions that raise "any defense, objection, or request" that can be determined "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A pretrial motion is generally capable of determination before trial if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

## III. DISCUSSION

Defendants bring this motion to dismiss, arguing that the appointment of Mr. Whitaker as acting Attorney General is invalid. First, Defendants argue that

the appointment violates the Attorney General Succession Act, because under that statute, the Deputy Attorney General becomes the acting Attorney General when there is a vacancy in the office of Attorney General. Second, Defendants argue that the appointment is in violation of the Appointments Clause of the United States Constitution because Mr. Whitaker is not confirmed by the Senate. Consequently, Defendants assert that the judicial appointment of Mr. Braverman also violates the Appointments Clause during the time period he served as United States Attorney when there was no Senate confirmed Attorney General who directed and supervised his work. Thus, Defendants argue that any continuation of the prosecution has no force or effect.

The Court disagrees. First, as a statutory matter, the appointment of Mr. Whitaker was valid under the Federal Vacancies Reform Act ("FVRA"), codified in 5 U.S.C. §§ 3345-3349d. Second, the Court need not reach the constitutional question of whether that appointment violates the Appointments Clause, because even if it does, the United States Attorney in this district has had at all times the authority to prosecute the Defendants' case.

**A. The Appointment of the Acting Attorney General Is Statutorily Valid**

Defendants argue that under the Attorney General Succession Act, the Deputy Attorney General is the acting Attorney General. *See* 28 U.S.C. § 508. Defendants argue that because this statute creates the line of succession for the office of the Attorney General, the President did not have authority to appoint Mr. Whitaker. The government argues, however, that the President had statutory authorization under a separate statute, the FVRA. *See* 5 U.S.C. §§ 3345-3349d. Defendants argue that the FVRA is inapplicable to a vacancy in the office of the Attorney General because the Attorney General Succession Act supersedes the FVRA, while the government argues that the Attorney General Succession Act is not the exclusive means for addressing such a vacancy. The Court agrees with the government.

### 1. Plain Meaning

First, based on the plain meaning of the Attorney General Succession Act and the FVRA, the Court finds that the two statutes operate as alternatives for determining the succession of the Attorney General in light of a vacancy. The Court focuses on the statutory text because as the Ninth Circuit has stated, "[t]he preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (citing *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008)); *see also Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1078 (N.D. Cal. 2004) (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)) ("A court should first apply the plain meaning rule: if the meaning of the statute is clear, no further construction is required . . . .").

The Attorney General Succession Act establishes a default line of succession, and the FVRA provides an alternative that authorizes the President to appoint an officer or employee within certain limitations. The Attorney General Succession Act states:

> (a) In case of a vacancy in the office of Attorney General, or of his absence or disability, the Deputy Attorney General may exercise all the duties of that office, and for the purpose of section 3345 of title 5 the Deputy Attorney General is the first assistant to the Attorney General.
> (b) When by reason of absence, disability, or vacancy in office, neither the Attorney General nor the Deputy Attorney General is available to exercise the duties of the office of Attorney General, the Associate Attorney General shall act as Attorney General. The Attorney General may designate the Solicitor General and the Assistant Attorneys General, in further order of succession, to act as Attorney General.

28 U.S.C. § 508. Based on the plain text of the Attorney General Succession

Act, it is clear that the Deputy Attorney General is the successor to the Attorney General. *Id.* at § 508(a). Moreover, the statute further delineates a line of succession when the Deputy Attorney General is not able to exercise the duties of Attorney General. *Id.* at § 508(b).

The FVRA states, in relevant part:

(a) If an officer of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office—
  (1) the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity subject to the time limitations of section 3346;
  (2) notwithstanding paragraph (1), the President (and only the President) may direct a person who serves in an office for which appointment is required to be made by the President, by and with the advice and consent of the Senate, to perform the functions and duties of the vacant office temporarily in an acting capacity subject to the time limitations of section 3346; or
  (3) notwithstanding paragraph (1), the President (and only the President) may direct an officer or employee of such Executive agency to perform the functions and duties of the vacant office temporarily in an acting capacity, subject to the time limitations of section 3346, if—
    (A) during the 365-day period preceding the date of death, resignation, or beginning of inability to serve of the applicable officer, the officer or employee served in a position in such agency for not less than 90 days; and
    (B) the rate of pay for the position described under subparagraph (A) is equal to or greater than the minimum rate of pay payable for a position at GS–15 of the General Schedule.

5 U.S.C. § 3345. The FVRA provides three vehicles for filling the vacancy of an officer of an executive agency. The first, § 3345(a)(1), provides for an automatic successor. The second and third, § 3345(a)(2)-(3), permit the President to

appoint a Senate confirmed officer or employee of the executive agency as long as certain conditions are satisfied.

As a preliminary matter, § 3345(a)(1) determines that the first assistant to the officer *shall perform* the duties of the office on a temporary basis. *Id.* at § 3345(a)(1). The imperative use of shall indicates that the operation of § 3345(a)(1) is automatic, thus establishing that the immediate successor to a vacant executive office is that office's "first assistant." *Id.* There is no conflict between the Attorney General Succession Act and § 3345(a)(1). Indeed, the Attorney General Succession Act references § 3345(a)(1), establishing that "for the purpose of" § 3345(a)(1), the Deputy Attorney General is the first assistant.

The potential point of tension surfaces with § 3345(a)(2)-(3), which when applied to the office of Attorney General would allow the President to appoint an officer or employee outside of the line of succession devised in the Attorney General Succession Act. President Trump appointed Mr. Whitaker under § 3345(a)(3) specifically. *See OLC Opinion* at 1. There is no dispute that the appointment of Mr. Whitaker comports with the requirements of § 3345(a)(3). Rather, Defendants argue that in light of the Attorney General Succession Act, § 3345(a)(3) does not authorize the President to appoint a successor. The Court holds, however, that there is nothing in either statute that would support this argument, and moreover, there is evidence to the contrary.

§ 3345(a)(3) begins with "*notwithstanding* paragraph (1), the President (and only the President) may . . . ." *Id.* at § 3345(a)(3) (emphasis added). Thus, while the operation of § 3345(a)(1) is automatic, § 3345(a)(3) allows the President to override § 3345(a)(1). As discussed above, § 3345 incorporates the Attorney General Succession Act by way of the latter's direct reference. Thus, notwithstanding the fact that § 3345(a)(1) deems the first assistant to be the successor to the officer of an executive agency, and notwithstanding the fact that the Attorney General Succession Act provides that the Deputy Attorney General

is the first assistant to the Attorney General for the purpose of § 3345, the President may still direct an officer or employee to fill the vacancy of Attorney General.

Defendants argue that the FRVA is ineffective when another statutory provision expressly designates an officer or employee to fill a vacant office. Because the Attorney General Succession Act is such a statutory provision, Defendants contend that the FVRA does not apply to the succession of the office of Attorney General. Defendants base this argument on § 3347 of the FVRA.

§ 3347 is entitled "Exclusivity" and states in relevant part:

> (a) Sections 3345 and 3346 are the exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) for which appointment is required to be made by the President, by and with the advice and consent of the Senate, unless—
> (1) a statutory provision expressly—
> (A) authorizes the President, a court, or the head of an Executive department, to designate an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity; or
> (B) designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity . . . .

5 U.S.C. § 3347. The plain meaning of the text does not support Defendants' argument. § 3347(a) first provides that the FVRA is the *exclusive* vehicle for temporarily filling a vacancy in an office of an executive agency. It then allows for an exception based on the express content of two particular kinds of statutes, described in § 3347(a)(1)(A) and § 3347(a)(1)(B). The office of the Attorney General falls under the exception underlined in § 3347(a)(1)(B), because the Attorney General Succession Act is such a statute that "designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity." Thus, the office of the Attorney General is merely excepted

8

from the requirement in § 3347(a) that the FVRA be the exclusive means for filling a vacancy. In the case of the office of Attorney General, both the Attorney General Succession Act and the FVRA are available for determining which officer or employee will fill a vacancy. The Attorney General Succession Act may provide a default rule. Nonetheless, the President may choose to rely on the FVRA and fill a vacancy with an officer or employee outside the line of succession delineated in the Attorney General Succession Act.

Moreover, the language of the Attorney General Succession Act does not mandate that the Deputy Attorney General must "exercise all the duties" of the office of Attorney General in the case of a vacancy. *See* 28 U.S.C. § 508(a). Instead, the statute reads that the Deputy Attorney General "*may* exercise all the duties of that office." *Id.* (emphasis added). The permissive, rather than mandatory, use of may is a further indication that the statute is one vehicle for filling a vacancy but not the only option available. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016) (noting that when interpreting statutory text, the Supreme Court has "emphasized that the word 'may' clearly connotes discretion") (internal quotations and citations omitted).

### 2. Legislative History

The recent legislative history of the FVRA further supports the Court's reading of the plain meaning of the statutes. "When the statute is ambiguous or the statutory language does not resolve an interpretive issue, 'our approach to statutory interpretation is to look to legislative history.'" *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 834 (9th Cir. 1996)). While the Court does not find the text of either the Attorney General Succession Act or the FVRA to be ambiguous with respect to which statute applies when there is a vacancy in the office of the Attorney General, the Court nonetheless examines the legislative history of the FVRA as it reinforces the plain meaning of the statutes.

The most recent amendments to the FVRA were passed in 1998. Before the new amendments were voted on, the Senate Committee on Governmental Affairs published a report on the amendments as devised by the Senate. *See* S. Rep. No. 250, 105th Cong., 2d Sess. (1998) (hereinafter the "Senate Report"). There are several distinctions between the draft presented in the Senate Report and the statute that became law. Most relevant here is the fact that the version in the Senate Report contained a provision that stated "[w]ith respect to the office of the Attorney General of the United States, the provisions of section 508 of title 28 shall be applicable." Senate Report at 25. Moreover, in the analysis of this provision, the Senate Report described that "[w]ith respect to a vacancy in the office of the Attorney General, 28 U.S.C. S 508 will remain applicable. That section ensures that Senate confirmed Justice Department officials will be the only persons eligible to serve as Acting Attorney General." *Id.* at 13. The amendments that went into effect in 1998, however, excluded this particular provision in its entirety. Thus, not only is there nothing explicit in the FVRA nor the Attorney General Succession Act to indicate that the Attorney General Succession Act supersedes the FVRA, the legislative history reflects that Congress considered this question and ultimately decided not to exclude the office of Attorney General from the offices covered by the FVRA.

//

### B. The United States Attorney Has Had Authority to Bring this Prosecution At All Times

In addition to his statutory argument, Defendants also argue that the appointment of Mr. Whitaker violates the Appointments Clause of Art. II of the U.S. Constitution because he was not Senate confirmed. The Court, however, need not reach the issue of whether the appointment was constitutional. "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding

them." *Lee v. Walters*, 433 F.3d 672, 677 (9th Cir. 2005) (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988)); *see also United States v. Sandoval-Lopez*, 122 F.3d 797, 802 n.9 (9th Cir. 1997) ("We avoid constitutional questions when an alternative basis for disposing of the case presents itself."). Notwithstanding the constitutionality of the appointment of the acting Attorney General, the United States Attorney in this district has had the authority to prosecute Defendants' case. Therefore, dismissal on the basis of a violation under the Appointments Clause is not warranted.

Defendants argue that if the appointment of Mr. Whitaker is unconstitutional, the judicial appointment of the former U.S. Attorney, Mr. Adam Braverman, violates the Appointments Clause as well since there was no Senate confirmed Attorney General who directed and supervised his work at the time of the return of the third superseding indictment. The Court disagrees. Mr. Braverman held a valid appointment to his office and had statutory authorization to prosecute offenses in this district. Moreover, Mr. Braverman was supervised and directed by the Senate confirmed Deputy Attorney General, who Defendants argue should be the acting AG under the Attorney General Succession Act.

First, the appointment of Mr. Braverman was constitutional and statutorily valid. There is no dispute that the United States Attorney is an inferior officer. *See United States v. Gantt*, 194 F.3d 987, 999 (9th Cir. 1999), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008). The Appointments Clause provides that "Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments." U.S. Const. art. II, § 2, cl. 2. Under 28 U.S.C. § 546(d), Congress provided that when a temporary appointment of a United States Attorney by the Attorney General expires, the district court may appoint a United States Attorney to serve until the vacancy is filled. 28 U.S.C. § 546(d). Thus, this Court's appointment of Mr. Braverman on March 12, 2018

was constitutional under the Appointments Clause and statutorily valid under 28 U.S.C. § 546(d).

Second, the United States Attorney has the authority to prosecute all cases in his or her district. While the Attorney General is the head of the Department of Justice, 28 U.S.C. § 503, the United States Attorney is the head federal prosecutor in his or her judicial district, 28 U.S.C. § 541(a). Furthermore, Congress has established that each United States Attorney, within his or her district "shall—(1) prosecute for all offenses against the United States." 28 U.S.C. § 547(1). Thus, the United States Attorney has statutory authorization, independent of any authorization by the office of the Attorney General, to conduct prosecutions.

Third, the Deputy Attorney General, who Defendants argue should be the acting Attorney General, is authorized to supervise the office of the United States Attorney. Under 28 C.F.R. § 0.15(a), the "Deputy Attorney General is authorized to exercise all the power and authority of the Attorney General, unless any such power or authority is required by law to be exercised by the Attorney General personally." 28 C.F.R. §0.15(a). Moreover, according to the Justice Management Division's description of the office of the Deputy Attorney General, the "Deputy Attorney, appointed by the President with the advice and consent of the Senate, is the Department's second-ranking official and functions as a Chief Operating Officer; 25 components and 93 U.S. Attorneys report directly to the Deputy and 13 additional components report to the Deputy through the Associate Attorney General." *Department of Justice, Organization, Mission & Functions Manual: Attorney General, Deputy and Associate*, https://www.justice.gov/jmd/organization-mission-and-functions-manual-attorney-general#ag, (last visited Feb. 7, 2019). The current Deputy Attorney General, Mr. Rod Rosenstein, was appointed by the President and confirmed by the Senate and was sworn in to office on April 26, 2017. *See Department of Justice,*

*Meet the Deputy Attorney General*, https://www.justice.gov/dag/staff-profile/meet-deputy-attorney-general, (last visited Feb. 7, 2019). The current Senate confirmed Deputy Attorney General is both authorized and expected to direct and supervise the United States Attorney in this district.

Thus, because Mr. Braverman was, and Mr. Brewer is, validly appointed, authorized to prosecute federal offenses in this district, and supervised by a Senate confirmed officer in the Department of Justice, the United States Attorney's office has had the authority to prosecute the Defendants at all times throughout this case, notwithstanding whether Mr. Whitaker's appointment as acting Attorney General comports with the requirements under the Appointments Clause.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **denies the motion to dismiss the indictment.**

IT IS SO ORDERED.

Dated: February 11, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge